```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

IAN ORVILLE AIKEN,

                Petitioner,

vs.                                   Case No. 5:09-cv-261-Oc-36GRJ

WARDEN, FCC COLEMAN-MEDIUM,

                Respondent.
_____

## OPINION AND ORDER

### I.

Petitioner, who is a federal inmate incarcerated in the Federal Correctional Center located in Coleman Florida, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. # 1, "Petition") pursuant to 28 U.S.C. § 2241. Petitioner also filed a Memorandum of Law in Support of Petition (Doc. #2, "Memorandum"). The Petition challenges the execution of Petitioner's federal sentence, and raises two grounds for relief: (1) the Bureau of Prisons improperly computed Petitioner's sentence; and, (2) the Bureau of Prisons failed to award Petitioner's proper prior custody credit against his sentence. Petition at 6. Respondent filed a Response (Doc. #5, "Response") with exhibits in support (Doc. #5-1, Exhs. 1-2). Respondent, submits that the Petition should be denied as without merit, because the Bureau of Prisons ("BOP") properly computed

Petitioner's aggregated sentence and awarded Petitioner the proper prior custody credit. Response at 4. Petitioner filed a Reply (Doc. #6, "Reply") to the Response.

## II.

On July 12, 1996, Petitioner was arrested and initially charged with illegal re-entry in United States v. Aiken, Case No. 96-cr-6112 (S.D. Fla.)(hereinafter the "illegal re-entry case"). On May 23, 1997, Petitioner was sentenced to 21 months of imprisonment in the illegal re-entry case. Exh. 2 (Doc. #5-1 at 13-21), ¶4. The BOP awarded Petitioner 298 days of prior custody credit, and Petitioner's 21-month sentence was satisfied on February 6, 1998. Id., ¶5. Petitioner was placed into New York State's custody to face pending State charges, upon his release from federal custody. Id.

On April 15, 1998, Plaintiff was returned to federal custody, after the State of New York agreed to dismiss all charges against Petitioner in lieu of federal prosecution. Id., ¶6. In particular, Petitioner was indicted for various offenses in a nine-count indictment charging Petitioner with conspiracy and racketeering in violation of 18 U.S.C. § 1962(d), see United States v. Aiken, Case No. 97-cr-233 (S.D. Fla.)(hereinafter the "conspiracy case"); and, in a separate case, was charged with possession of ammunition in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1) (the "ammunition count"), and

possession and use of a false non-immigrant visa and passport in violation of 18 U.S.C. § 1546(a)(the "passport count"). See United States v. Aiken, Case No. 98-cr-6067 (S.D. Fla.)(hereinafter the "ammunition case").

Petitioner proceeded to trial in the ammunition case and was found guilty on both the ammunition and passport counts on August 5, 1999. Id.; Exh. 2 at 16. On **May 22, 2000,** Petitioner was committed to the custody of the BOP "to be imprisoned for a total term of 293-months." Id. at 17. Specifically, Petitioner was sentenced to a 293-month term of imprisonment on the ammunition count, and to a 120-month term of imprisonment on the passport count. Id. The two sentences were to run concurrent to each other, and concurrent to the earlier-imposed 21-month sentence entered in the reentry case. Id. Petitioner, however, had already been "released" from the reentry case at the time his sentence was pronounced in the ammunition case. Id. at 14, ¶7.

Petitioner ultimately pled guilty to count 1 of the indictment, conspiracy to engage in racketeering, in the conspiracy case and the remaining counts (2,3,4, and 5) were dismissed. United States v. Aiken, Case No. 97-cr-233 at doc. # 667; Exh. 2 at 18. On **September 22, 2000,** Petitioner was committed to the custody of the BOP "to be imprisoned for a total term of 420-months." Id. at 19. The Court ordered the sentence to run concurrent with the sentences imposed in the ammunition case. Id. at 20.

Upon Petitioner's admission into custody, the BOP computed Petitioner's aggregate sentence as 424 months, commencing on May 22, 2000. Response at 4; Exh. 2 at 14, ¶10. The BOP applied 852 days of prior custody credit to the aggregate sentence, reflecting the time Petitioner spent in custody between July 12, 1996 and July 28, 1996, and between February 7, 1998 and May 21, 2000 (while in New York State custody). Id., ¶11. Respondent states that Petitioner is scheduled to be released from custody on January 4, 2029, at which time he will face deportation proceedings. Id., ¶12, Response at 4.

### III.

Petitioner raises the following two grounds for relief in his Petition:

1. **Respondent Federal Bureau of Prison Unlawfully Computed Petitioner's Federal Sentence By Increasing Petitioner's Term of Imprisonment to 424 Months, Notwithstanding the Sentencing Court's Imposition of a 420 Month Term of Imprisonment; and**

2. **Respondent Federal Bureau of Prisons Unlawfully Denied Petitioner Credit for Time Served in Federal Custody.**

Petition at 6. The Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are warranted in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully

Case 5:09-cv-00261-JES-DNF   Document 10   Filed 10/04/10   Page 5 of 10 PageID 100
developed in the record before the Court.  Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  See also Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

**Ground 1:**

As to his first ground, Petitioner argues that his 420-month sentence was improperly increased to 424 months due to "an alleged 'concurrent overlap' as defined" by the BOP. Memorandum at 2. Respondent denies that the sentences were improperly calculated, and argues that pursuant to applicable federal statute and BOP policy, Petitioner's sentences were combined to create a single, aggregate sentence of 424 months, which commenced on May 22, 2000. Id. at 4.  Respondent argues that because service of the 420-month sentence imposed in the conspiracy case could not begin until the date on which that sentence was imposed, the 420-month sentence did not begin to run until September 22, 2000.  Nonetheless, the 420 month sentence imposed in the conspiracy case ran concurrent to the shorter 293-month sentence imposed in the ammunition case.  See Exhs. 1-2.  The Court agrees that Petitioner's aggregate sentence was properly calculated.

The BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement.  United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal

offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Title 18 U.S.C. § 3585, governs Petitioner's sentence and provides that a sentence commences when the defendant is "received in custody awaiting transportation to, or arrives voluntarily at . . . the official detention facility at which the sentence is to be served." Id. § 3585(a). "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Similarly, § I(3)(a) of the BOP's Program Statement 5880.28, Sentence Computation Manual, provides that "[i]n no case can a federal sentence of imprisonment commence earlier that the date on which it is imposed."

Here, Petitioner was sentenced in two separate and unrelated proceedings. The term "concurrent" is not synonymous with "the same starting date." Coloma, 445 F.3d at 1284. Thus, Petitioner's 420-month sentence, which was imposed on September 22, 2000, "is not retroactive to" Petitioner's 293-month sentence, which was imposed four months earlier, on May 22, 2000. Id. at 1285. Consequently, the Court finds that the BOP properly determined that the 420-month sentence imposed on the conspiracy case could not commence until September 22, 2000, the date it was pronounced. Petitioner does not produce any evidence from the record nor cite to any binding federal

precedent that would bring about a different result. Consequently, the Court finds that Petitioner has not demonstrated that the BOP has unlawfully or incorrectly calculated Petitioner's aggregate sentence and denies Petitioner relief on Ground 1.

**Ground 2:**

Petitioner submits that he was denied 556 days credit time served in federal custody for the ammunition case, United States v. Aiken, Case No. 98-cr-6067 (S.D. Fla.), stemming from his sentence in the illegal re-entry case, United States v. Aiken, Case No. 98-cr-6067 (S.D. Fla.). Memorandum at 4. In particular, Petitioner argues that because the offense in his 1996 illegal re-entry case and the offenses in his 1998 ammunition case, are "related," his period of imprisonment should be adjusted consistent with the provisions of the United States Sentencing Guidelines ("USSG") §5G1.3(b). Id.

In response, Respondent argues that Petitioner properly was provided with 852 days of prior custody credit against his aggregate sentence for the time Petitioner was in custody. Response at 8, Exh. 1 (Doc. #5-1) at 6-7. Respondent points out that Petitioner improperly seeks credit of 556 days for the time Petitioner spent in service of his 21-month sentence in his illegal re-entry case. Id. at 8. Respondent submits that pursuant to § 3585(b), Petitioner is only permitted to receive prior custody credit for prior custody that is "not credited against another sentence." Id. Further, to

the extent that Petitioner seeks to avail himself of a further reduction of his sentence under the USSG, neither the BOP nor this Court has authority to grant Petitioner such relief. Id. The Court agrees with Respondent.

18 U.S.C. § 3585(b) states:

Credit for prior custody.

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or,

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.

Id. (emphasis added). Based upon the clear wording of the statute, Petitioner is not entitled to have credited any part of the time he spent serving his 21-month sentence in his illegal re-entry case to either his 293-month sentence or his 420-month sentence. 18 U.S.C. § 3585(b)(2). "Congress made clear that a defendant could not receive a double credit for his detention time." U.S. v. Wilson, 503 U.S. at 337.

Further, to the extent that Petitioner seeks a further reduction of his sentence on the basis that the offenses in his illegal re-entry case and ammunition case were related so as to trigger USSG § 5G1.3(b)(1), such relief is not available under § 2241, but must be brought under § 2255 and filed with the sentencing

court.  The Court presumes that the sentencing court properly applied the USSG at the time it pronounced prospective concurrent 293-month and 120-month sentences of imprisonment in the ammunition case, having properly applied § 5G1.3(b)(1) by deducting from its sentence pronouncement any appropriate reductions.  <u>Coloma v. Holder</u>, 445 F.3d at 1285-86.  Nothing in the sentencing court's order supports Petitioner's argument that he was entitled to any further reductions for any particular prior custody credit.  Exh. 2 at 17.  Thus, the Court finds that Petitioner has failed to demonstrate that the BOP improperly denied him any credits for time served in federal custody, and denies Ground 2.

ACCORDINGLY it is hereby

**ORDERED and ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED.**

2.   The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and, close this file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u>

at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __4th__ day of October, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record